# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-371-RJC-DSC

| | |
|---|---|
| RANDY WADE RUMFELT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| QUEENS UNIVERSITY OF CHARLOTTE, | ) |
| JOHNNIE RAVENELL, and | ) |
| CAMPUS POLICE OFFICERS A, B & C, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following the expiration of the stay entered by the Court's "Order" (document #28) (staying this matter following filing by Defendants of a "Statement Noting Death" (document #27) containing an obituary from the Charlotte Observer showing that pro se Plaintiff Randy Wade Rumfelt died on July 2, 2011).

The Court stayed this action until August 31, 2011 to allow sufficient time for the appointment of a personal representative of Plaintiff's Estate and for that party to file a motion to be substituted as plaintiff in this action. The stay has expired without Plaintiff's personal representative or any other person appearing on Plaintiff's behalf or contacting the Court concerning this matter. Accordingly, the Court respectfully recommends that this matter be dismissed without prejudice.[1]

---

[1] On May 27, 2011, Defendants filed a "Motion to Dismiss" (document #24). Following Plaintiff's failure to respond to that Motion, on June 16, 2011, the Court entered an "Order to Show Cause" (document #26) requiring Plaintiff to respond to Defendants' dispositive Motion on or before July 25, 2011 or face dismissal with prejudice. Plaintiff died prior to the expiration of that deadline.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff's last known address (414 Park Drive, Belmont, NC 28012); to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 1, 2011

David S. Cayer
United States Magistrate Judge